UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD HOLGATE,

    Plaintiff,

v.

EZ STORAGE,

    Defendant.

Case No. 2:23-cv-12191
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS (ECF No. 2)**

    I.    Introduction

This is an Americans with Disabilities Act (ADA) case. Plaintiff Todd Holgate (Holgate), proceeding *pro se*, filed a complaint in the 35th District Court in Plymouth alleging, among other things, that defendant EZ Storage wrongfully terminated his storage unit lease after he requested "ADA accommodations." (ECF No. 1-2, PageID.9). EZ Storage removed the case to federal court on August 25, 2023, based on federal question jurisdiction. (ECF No. 1). The same day, EZ Storage filed a motion to dismiss based on lack of standing and failure to state a claim. (ECF No. 2). Holgate was directed to file a response to the motion by given until September 29, 2023. (ECF No. 4). To date, Holgate has not filed a

1

response and the time for doing so has passed.

For the reasons that follow, the undersigned RECOMMENDS that EZ Storage's motion to dismiss be GRANTED.

## II. Background

Holgate's complaint is difficult to parse. On the first of its two pages, Holgate sets forth the language of a criminal statute, M.C.L. § 750.145n(4), which states:

> A caregiver or other person with authority over the vulnerable adult is guilty of vulnerable adult abuse in the fourth degree if the reckless act or reckless failure to act of the caregiver or other person with authority over a vulnerable adult causes physical harm to the vulnerable adult or the caregiver or other person with authority over the vulnerable adult knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a vulnerable adult, regardless of whether physical harm results. Vulnerable adult abuse in the fourth degree is a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

(ECF No. 1-2, PageID.8). He goes on to say that he is a vulnerable adult who suffered neglect and exploitation, though EZ Storage is not mentioned in these counts. (*Id.*).

The second page of the complaint sets forth his claim against EZ Storage. Holgate says that he obtained a certified letter entitling him to ADA accommodations and requested ADA accommodations from EZ Storage. (*Id.*, PageID.9). Approximately five days later, he received an email from EZ Storage terminating his lease. He is "sure [that] they terminated [his] EZ Storage unit

2

because [he] requested ADA accommodations." (*Id.*). He alleges that his lease agreement allows EZ Storage to terminate his lease for the following month if he violates storage rules, but says that EZ Storage violated their lease policy by deactivating his gate code, and that others who violate their lease agreements did not have their leases canceled because they had more valuable items in their storage units. (*Id.*).

Holgate admits that he had exited the facility as late as fifty-nine minutes after its close, but says that he observed others leaving the facility late as well, though by only ten minutes. (*Id.*). He further says that because the storage facility is new, it was required to have signage in braille and does not, in violation of the ADA. (*Id.*). Holgate does not specify what his disability is, what accommodations he requested, or that he is blind and required braille signage to use this "drive in storage facility." (*Id.*).

### III.    Legal Standards

#### A.    Standard for Dismissal

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]'

" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## B. Holgate's Failure to Respond

As noted above, Holgate has not filed a response to defendants' motion. The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

In light of this conflict, the undersigned will consider the merits of the motion even in the absence of a response.

## IV. Analysis

5

In attempting to address the complaint, EZ Storage has identified an ADA failure to accommodate claim and an ADA retaliation claim. EZ Storage argues that Holgate lacks standing to pursue these claims, that he has failed to state plausible claims as to each, and that he fails to sufficiently request relief in the complaint. The undersigned will address each argument in turn, but first must address Holgate's possible attempt to sue EZ Storage under criminal statute M.C.L. § 750.145n.

      A. Claims Under the Michigan Criminal Code

As noted above, page one of Holgate's complaint sets forth the text of M.C.L. § 750.145n(4) and alleges that it has been violated. (ECF No. 1-2, PageID.8). EZ Storage's involvement in this violation is unclear on the face of the complaint, but the undersigned need not guess as to its involvement, because M.C.L. § 750.145n(4) does not convey a private cause of action.

Holgate is a private citizen who cannot sue to enforce a criminal statute. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-309 (6th Cir. 2004) ("Furthermore, as a private citizen, Kafele has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). He does not have a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1972). To the extent that Holgate's recitation of a criminal statute might be read to seek the initiation of

criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

Thus, to the extent that Holgate asserts a claim under this statute, it should be dismissed.

B. Standing

EZ Storage argues that Holgate has failed to state an "injury in fact" that would grant him standing to sue. Under the ADA, such a showing requires Holgate to plead that (1) he is disabled; (2) he encountered an ADA violation; or (3) the alleged violation he encountered was the reason he was denied equal enjoyment of the defendant's facility or services. *See Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 494 (6th Cir. 2019); *Cohan v. MGM Hosp., Inc.*, No. 20-CV-10981, 2022 WL 868420, at *3 (E.D. Mich. Mar. 23, 2022), *appeal dismissed*, 2022 WL 14660328 (6th Cir. Aug. 24, 2022) (finding that since the barriers identified in the complaint would only impact access to a disabled person in a wheelchair, and not plaintiff himself, he fails to show an "injury in fact" that is

actual or imminent); *Cohan v. California Pizza Kitchen, Inc.*, No. 18-CV-12080-VAR, 2019 WL 4189482, at *3 (E.D. Mich. Sept. 4, 2019) ("Because he does not claim that he uses a wheelchair, the barriers [the plaintiff] alleges exist in his complaint are not causally connected to any alleged injury [he] says he suffered").

At the onset, the undersigned finds that Holgate has failed to plausibly allege a disability under the first prong above. While one may assume that he is, since he alleges to have requested an accommodation from EZ Storage, the nature of his disability is not stated. That renders his allegations, at best, wholly conclusory, which does not meet the pleading standards set forth by *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555. Further, though Holgate references the lack of braille signage at the EZ Storage facility, he fails to causally connect this to his denial of equal enjoyment of the facility, as required by the third prong above. Holgate does not appear to allege whatsoever that the lack of braille rendered him unable to use the facility; he was in fact using the facility before his lease was terminated by EZ Storage. Thus, Holgate does not have standing to sue for his failure to accommodate claim under the ADA.[1]

      C.  Failure to State a Claim

---

[1] As for Holgate's retaliation claim, the "injury in fact" appears to be that his lease was terminated in retaliation for an accommodation request. This does not pose the same standing issue, and his retaliation claim will be examined separately in this Report and Recommendation.

1.   Failure to Accommodate

To establish a failure to accommodate claim under the ADA, Holgate must plausibly plead that: (1) he suffers from a disability; (2) the defendant knew or reasonably should have known of the disability; (3) the accommodation was necessary to afford an equal opportunity to use and enjoy the facility; (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation. *Dayton Veterans Residences Ltd. P'ship v. Dayton Metro. Hous. Auth.*, No. 21-3090, 2021 WL 5411220, at *6 (6th Cir. Nov. 19, 2021) (citing *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir. 2011)).

EZ Storage argues that Holgate has not properly alleged any of the elements of a failure to accommodate claim. The undersigned agrees. At the very least, Holgate has not gone beyond conclusory allegations that he suffers from a disability, and he has not alleged that his requested accommodation was necessary or reasonable, or even stated what that accommodation entailed. As such, he has not properly plead the requirements of prongs (1), (3), and (4). Although Holgate alleges that he put EZ Storage on notice by requesting an accommodation, as required under prong (2), and the complaint can be generously read to allege that EZ Storage refused to make the accommodation (as it instead terminated his lease agreement), as required under prong (5), this is not enough to state a claim. All five prongs must be plead. Holgate did not do so. Therefore, even assuming

9

Holgate has standing to raise this claim, it would require dismissal for failure to state a claim.

### 2. ADA Retaliation

To assert a claim of retaliation under the ADA, Holgate may allege direct evidence of retaliation, or make an indirect showing of retaliation under the *McDonnell Douglas* burden-shifting approach. *A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013). Holgate does not allege any direct evidence of retaliation; he merely states that he is "100% sure" that EZ Storage terminated his lease because he requested an accommodation. (ECF No. 1-2, PageID.9). This type of claim falls under the latter approach.

The burden-shifting analysis requires Holgate to allege that (1) he engaged in activity protected under the ADA; (2) EZ Storage knew of this protected activity; (3) EZ Storage then took adverse action against Holgate and (4) that there was a causal connection between the protected activity and the adverse action. *Id.* (citing *Gribcheck v. Runyon,* 245 F.3d 547, 550 (6th Cir. 2001)).

Here, Holgate's allegations are threadbare and conclusory. As mentioned above, he does not state his disability and he does not state his requested accommodation. Thus, the undersigned cannot determine whether Holgate engaged in protected activity or whether EZ Storage had knowledge of same. Although Holgate has plausibly a stated adverse action and causal connection, the

10

failure to put forth a protected activity or EZ Storage's knowledge of one is fatal to his claim. Further, because Holgate has not filed a response to the motion, there is nothing in the record from him to explain why his allegations meet the above elements in clearer terms. Therefore, Holgate's ADA retaliation claim should be dismissed.

Overall, Holgate's ADA claims should be dismissed for lack of standing and failure to state a claim.[2]

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that that EZ Storage's motion to dismiss, (ECF No. 2), be GRANTED.

| | |
|---|---|
| Dated: November 13, 2023<br>Detroit, Michigan | s/Kimberly G. Altman<br>KIMBERLY G. ALTMAN<br>United States Magistrate Judge |

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and

---

[2] EZ Storage also argues that Holgate has not met the requirement under Federal Rule of Civil Procedure 8(a)(3) to state "a demand for the relief sought[.]" Reading the complaint liberally, Holgate says that he planned to return to the EZ Storage facility on July 28, 2023. Even though he did not file a motion for preliminary injunction or temporary restraining order, the complaint can be read to assert that Holgate seeks to have his lease termination reversed. Therefore, failure to state a demand for the relief sought is not a reason to dismiss the complaint. Regardless, as explained above, Holgate's claims should be dismissed for lack of standing and failure to state a claim.

Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2023.

                                        s/Julie Owens
                                        Julie Owens acting in the absence of
                                        CAROLYN CIESLA
                                        Case Manager